■ RITA CHIUSANO, Respondent, v JOSEPH CHIUSANO, Appellant. [868 NYS2d 168]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 15, 2008, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and on his counterclaim for attorneys' fees, unanimously affirmed, without costs.

The court correctly rejected defendant's contention that the term "MERC seat" in the handwritten paragraph of the modification of the parties' separation agreement refers only to the right to trade on the floor of the mercantile exchange. However, it erred in finding as a matter of law that "MERC seat" includes both the right to trade and the share of NYMEX stock. The term is reasonably susceptible to more than one interpretation (see *NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52 [2008]; *LoFrisco v Winston & Strawn*

*LLP*, 42 AD3d 304, 307-308 [2007]). Because the extrinsic evidence in the record is insufficient to resolve the ambiguity, the parties' intent must be determined at trial (*see Hambrecht & Quist Guar. Fin., LLC v El Coronado Holdings, LLC*, 27 AD3d 204 [2006]; *LoFrisco* at 308). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.